UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JACKSON,<br>Petitioner<br>v.<br>W.L. MONTGOMERY, Warden,<br>Respondent. | Case No. 2:17-cv-02843-ODW (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all pleadings and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge [Dkt. 27, "Report"], and Petitioner's Objections to the Report [Dkt. 30]. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those matters to which objections have been stated.

Petitioner's Objections are directed solely to the Report's analysis of Ground One, a claim resting on the asserted bad faith destruction of exculpatory evidence. Petitioner argues that he has shown evidence of bad faith, because the Detective who allowed the destruction to occur allegedly committed perjury when he testified that the destruction already had taken place before he received a June 11, 2013 e-

mail authorizing the release of such evidence. Petitioner argues that, instead, the destruction occurred three months after the e-mail was received, *i.e.,* on September 26, 2013.

Petitioner's perjury theory rests, in whole, on a single notation in a Follow-Up Investigation Report prepared by the Detective [Clerk's Transcript 121]. In that Report, the Detective: noted his receipt of the June 11, 2013 e-mail; and stated that, upon looking for the subject items in response to the e-mail, discovered that they already had been destroyed on "9/26/2013" pursuant to an "8/25/2011" disposition authorization. The reference to "2013" is an obvious typographical error. The Report itself indicates that the property had been destroyed before the June 11, 2013 e-mail was received. On both direct and cross-examination at trial, the Detective repeatedly stated, under oath, that upon receipt of the e-mail, he discovered that the evidence already had been destroyed inadvertently, apparently due to his mistaken placement of a document in the wrong pile, *i.e.,* the pile for items authorized to be destroyed, as opposed to the pile for items to be retained. He expressly and repeatedly stated that he had made a mistake and denied having "purposely" had the items destroyed to prevent Petitioner from obtaining them. [*See, e.g.,* Reporter's Transcript 2742-44, 2747, 2750.] The Report correctly determined that the state court did not err in finding no due process violation, because not only had Petitioner failed to show that the items had apparent exculpatory value, but also had not shown bad faith in connection with their disposal.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the First Amended Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

DATE: _August 21, 2019

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

2